IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MERINO, | No. C-10-05584 EDL |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT** |
| v. | |
| SAXON MORTGAGE INC, | |
| Defendant. | |

On November 3, 2010, Plaintiff Jose Merino filed a complaint in the San Francisco County Superior Court against Defendants Saxon Mortgage, Trademark Lending, Deutsche Bank National Trust, Deutsche Bank National Trust as the Trustee for the Saxon Asset Secur TR 2007-4, Lenders Choice Title, Transunion and TD Service Company. The complaint alleges seventeen state law claims based on a mortgage loan transaction. Defendants Saxon Mortgage, Deutsche Bank National Trust and Deutsche Bank National Trust as the Trustee for the Saxon Asset Secur Tr 2007-4 ("Defendants") were served on November 10, 2010 and removed the action to this Court based on federal question jurisdiction on December 9, 2010.[1] The notice of removal claims that Plaintiff alleges violations arising out of or predicated upon the Real Estate Settlement Procedure Act ("RESPA") and the Truth in Lending Act ("TILA") and their corresponding regulations, and that Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

---

[1] Plaintiff and the moving Defendants have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636. There is no indication that the other Defendants have been served, and no other Defendants have joined in this removal. Defendants that have not been served are not parties under the meaning of 28 U.S.C. § 636(c), and therefore, their consent is not necessary for the Court to rule on this dispositive motion. See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

Defendants filed a motion to dismiss on December 16, 2010. On January 25, 2011, Plaintiff filed a motion to remand based on lack of federal question, and also sought costs and fees in the amount of $1,500. Because these matters are appropriate for decision without oral argument, the Court vacated the March 8, 2011 hearing.

**Background**

Plaintiff resides in his home located at 39 Granada Avenue in San Francisco. Compl. ¶ 2. On or about July 27, 2007, Plaintiff alleges that he signed and entered into a three year interest only Adjustable Rate Mortgage Refinance Loan agreement with Saxon Mortgage, which was secured by the Granada Avenue house by a first priority Deed of Trust. Id. ¶¶ 2, 23. He alleges that the original loan amount was payable with interest only for the first three years at a starting rate of 8.99% annually in monthly interest installments of $4,935.14 and adjusting to $6,634.34 after the interest only payment period. Compl. ¶ 16. All negotiations for the loan were conducted in Spanish (Plaintiff's native language), yet Plaintiff alleges that he was not provided with Spanish translations of the English loan documents. Compl. ¶ 23.

Plaintiff alleges that Defendants misstated amounts on the Truth in Lending Disclosure statement, including the amount of the Finance Charge, the settlement fee and the courier fee. Compl. ¶ 25. Plaintiff alleges that he did not receive the opportunity to review the Final Closing Statement one day prior to the closing. Id. ¶ 26. He alleges that he is in dire financial straits because of the failure of Saxon Mortgage to place him into a proper loan for which he understood his obligations. Id. ¶ 27. He alleges that "Saxon received at least $750.00 in a junk fee for railroading Plaintiff into this loan." Id. ¶ 27. Plaintiff alleges that Saxon and Trademark Lending participated in the scheme to issue the unaffordable loan to Plaintiff. Id. ¶ 28. Plaintiff alleges that he is currently in great danger of foreclosure, and that a Notice of Default has been issued and Trustee's Sale scheduled. Id. ¶ 29.

**Legal Standard**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district

2

and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441(b); id. at § 1331. Federal question jurisdiction is presumed to be absent unless a defendant, as the party seeking removal, shows that the plaintiff has either alleged a federal claim, a state cause of action that requires resolution of a substantial issue of federal law, or a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field. Homesales, Inc. v. Frierson, 2009 U.S. Dist. LEXIS 15856 (C.D. Cal. Feb. 11, 2009) (citations omitted).

Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986). Thus, where plaintiff can state claims under both federal and state law, he can prevent removal by ignoring the federal claim and alleging only state law claims. Rains v. Criterion Systems, Inc., 80 F.3d 339, 344 (9th Cir.1996). However, as an exception to the well-pleaded complaint rule, the "artful pleading" doctrine prevents a plaintiff from defeating removal of a federal claim by disguising or pleading it artfully as a state law cause of action. If the claim arises under federal law, the federal court will recharacterize it and uphold removal. Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 n. 2 (1981); Schroeder v. TransWorld Airlines, Inc., 702 F.2d 189, 191 (9th Cir.1983). The artful pleading doctrine applies to "(1) complete preemption cases, and (2) substantial federal question cases." Lippitt v. Raymond Jones Financial Services, Inc., 340 F.3d 1033, 1041 (9th Cir.2003) (citations omitted). "Subsumed within this second category are those cases where the claim is necessarily federal in character, or where the right to relief depends on the resolution of a substantial, disputed federal question." Id. at 1041-42 (citing Merrill Dow Pharmaceuticals, Inc. v.

3

Thompson, 478 U.S. 804, 814 (1986).

The artful pleading doctrine also precludes a plaintiff from preventing removal when "an issue of federal law undergirds a claim otherwise based in state law." County of Santa Clara v. Astra USA, Inc., 401 F.Supp.2d 1022, 1025 (N.D.Cal. 2005). "Such a claim, however, may only be removed to federal court if it meets certain conditions: (1) it must raise a stated federal issue, (2) determination of the federal issue must be necessary to the resolution of the claim, (3) the federal issue must be actually disputed, (4) the federal issue must be substantial, and (5) the federal court must be able to entertain the claim 'without disturbing any congressionally approved balance of federal and state judicial responsibilities.' " Id. (quoting Grable & Sons Metal Products., Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 314 (2005)).

**Discussion**

Defendants argue that removal was proper because Plaintiff's right to relief necessarily depends on a substantial question of federal law, particularly as to Plaintiff's second claim for breach of the covenant of good faith and fair dealing and fourth claim for violation of California's unfair competition law. See, e.g., Compl. ¶¶ 25, 26, 30, 40, 59. "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); Merrill Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986) ("We have, however, also noted that a case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law.'") (quoting Franchise Tax Board, 463 U.S. at 9).

Defendants note that Plaintiff has made allegations involving federal laws. Specifically, in an allegation common to all claims, the complaint states:

> As a result of the their mortgage activities, Defendants and each of them are and were subject to and must comply with the Federal Truth in Lending Act (TILA), and with the Act's corresponding Regulation Z, as well as the Real Estate Settlement Procedures Act (RESPA) and RESPA's corresponding Regulation X.

Compl. ¶ 14. In other allegations common to all claims, the complaint states in part: "Defendants misstated the amounts on the Truth in Lending Disclosure statement, thereby misleading Plaintiff" (Compl. ¶ 25), and "Plaintiff did not receive nor was afforded the opportunity of reviewing the Final Closing Statement one day prior to close as required by 12 Code of Federal Regulations 12 U.S.C. § 2603(b)" (Compl. ¶ 26). Further, the complaint alleges that:

> Trademark received a $750.00 junk fee for placing Plaintiff in the subject loan, without informing Plaintiff. Because of the lack of documentation along with communication of the loan, Plaintiff has been unable to discover the full extent of Defendants' misdeeds in this transaction.

Compl. ¶ 30. Further, Defendants note that in the second claim for breach of the covenant of good faith and fair dealing, Plaintiff alleges that: ". . . Defendants willfully breached their implied covenant of good faith and fair dealing with Plaintiff when Defendants: a. Failed to provide all the proper disclosures; b. Failed to provide documentation of the loan; . . . d. Failed to provide adequate lending disclosures on the ARM loan."  Compl. ¶ 40. In connection with Plaintiff's fourth claim for violation of Business and Professions Code § 17200, the complaint alleges that:

> The unlawful acts and practices of Defendants alleged above constitute unlawful business acts and/or practices within the meaning of California Business & Professions Code § 17200 in the manner alleged above, and based on information and belief, in the following further respects: the conduct of Defendants, and each of them, threatens an incipient violation of various consumer protection statutes, or which violate the policy and spirit of such laws, including, but not limited to, California Business & Professions Code § 10130, California Civil Code §§ 1709, 1710, 1711, 1770, 1921, and Section 1639 of Title 15 of the United States Code, together with Regulation Z, 12 C.F.R. § 226.1.

Compl. ¶ 59. Finally, Defendants note that Plaintiff's prayer for relief seeks statutory damages and a request that the Deed of Trust be rescinded. Compl. at 26-27.

To determine what constitutes a substantial federal question, the Supreme Court has stated: ". . . the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Products, Inc. v. Durue Engineering & Mfg., 545 U.S. 308, 313-14 (2005). In this case, Defendants do not explain why any of Plaintiff's claims raise a *substantial* federal issue or explain whether or not this Court

5

can entertain the claim 'without disturbing any congressionally approved balance of federal and state judicial responsibilities.'"  See id.  Further, the fact that Plaintiff's complaint mentions several federal statutes, including in the context of the claim under California Business and Professions Code section 17200, does not establish federal subject matter jurisdiction.  See, e.g., Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 813 (1986) (stating that the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."); In re Countrywide Fin. Corp. Mortg. Marketing & Sales Practices Litig., 2008 U.S. Dist. LEXIS 105440, at *21 (S.D. Cal. Dec. 30, 2008) (noting that "[t]he existence of concurrent jurisdiction [over TILA and RESPA claims] indicates Congress intended for the balance of judicial responsibility for these claims to be shared between state and federal courts"); Coleman v. Beazer Homes Corp., 2008 WL 1848653, at *4 (W.D. N.C. Apr. 23, 2008) ("While the Defendants may be correct that the disclosure requirements of TILA and RESPA may be implicated by the Plaintiffs' claims, the existence of such federal issues does not confer federal-question jurisdiction in this case.  'It is not sufficient to show that a state law claim simply touches upon or implicates a federal issue, but rather determination of the federal issue must be necessary to resolve the claim.'" (quoting California v. H & R Block, Inc., 2006 WL 2669045, at *4 (N.D. Cal. Sep. 18, 2006)); Fardella v. Downey Savings & Loan Ass'n, 2001 WL 492442 (N.D. Cal., May 9, 2001) (granting motion to remand where federal law is not necessary to decide California Business and Professions Code section 17200 claim because the plaintiff could prevail by showing a violation of federal or state law).  Because remand is appropriate under 28 U.S.C. § 1447, the Court need not reach Plaintiff's alternative argument that remand is appropriate under 28 U.S.C. § 1452(b).

In his Motion to Remand, Plaintiff seeks $1,500 in fees and costs.  There is no basis for awarding these fees and costs.  Plaintiff did not submit an affidavit or other proof of his "just costs and any actual expenses, including attorneys fees, incurred as a result of the removal."  See 28 U.S.C. § 1447(c).  Further, Defendants' basis for removal, based on the explicit references to federal law in Plaintiff's complaint, was objectively reasonable.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005) (award of costs and fees is discretionary, but courts generally do not award them where the removing party had an "objectively reasonable basis for removal").  Therefore,

6

Plaintiff's request for fees is denied.

**Conclusion**

Accordingly, Plaintiff's Motion to Remand is granted. Plaintiff's request for attorney's fees is denied. In light of the order to remand, Defendants' Motion to Dismiss is denied as moot.

**IT IS SO ORDERED.**

Dated: February 28, 2011

                                            ELIZABETH D. LAPORTE
United States Magistrate Judge